UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00186-FWS-DFM                                        Date: February 6, 2024
Title: Tameka Renee Crosland v. Baron Silverstein *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Tameka Renee Crosland ("Plaintiff"), proceeding *pro se*, instituted the above-entitled action in this court on January 26, 2024. Because the court lacks subject matter jurisdiction over this case, the court **DISMISSES** the case **without prejudice as to any action filed in state court**.

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006), and "may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action," *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citation omitted).

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). Under § 1331, federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022). Cases "'aris[e] under' federal law in two ways."

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00186-FWS-DFM                                      Date: February 6, 2024
Title: Tameka Renee Crosland v. Baron Silverstein *et al.*

___

*Gunn v. Minton*, 568 U.S. 251, 257 (2013).  First, and "[m]ost directly, a case arises under federal law when federal law creates the cause of action asserted." *Id.* (citation omitted). Second, there is a "'special and small category' of cases" in which "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258 (citation omitted).

      Federal courts have diversity jurisdiction under § 1332 over actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  A natural person's citizenship is determined by their state of domicile, which is that individual's "permanent home, where [they] reside[] with the intention to remain or to which [they] intend[] to return."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). However, "[i]n cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  "[A]n unincorporated association such as a partnership has the citizenships of all of its members."  *Id.* (citation omitted); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (holding a limited partnership is a citizen of every state of which its general and limited partners are citizens).  Limited liability companies "resemble both partnerships and corporations" but, "like a partnership, an LLC is a citizen of every state which its owners/members are citizens."  *Johnson*, 437 F.3d 894, 899.  In determining the citizenship(s) of an artificial entity, the court must consider the citizenships of *all* its members.  *Carden*, 494 U.S. at 195-96.  However, a corporation is only a citizen of (1) the state in which its principal place of business is located, and (2) the state in which it is incorporated.  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018).

      While the Complaint does not expressly invoke a basis for the court's subject matter jurisdiction, it appears to rely on diversity jurisdiction under 28 U.S.C. § 1332 based on its allegations of the parties' citizenships, statement of the amount in controversy, and exclusive

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:24-cv-00186-FWS-DFM | Date: February 6, 2024 |
| Title: Tameka Renee Crosland v. Baron Silverstein *et al.* | |

reliance on state law claims.  (*See* Dkt. 1 ¶¶ 1-14.)  However, both Plaintiff and several Defendants are allegedly citizens of the same state, California.  (*Id.* ¶¶ 2, 6-9.)  The parties are therefore not completely diverse from each other.  *See Caterpillar*, 519 U.S. at 68.  Consequently, the court lacks diversity jurisdiction under 28 U.S.C. § 1332.

The court also lacks federal question jurisdiction predicated on 28 U.S.C. § 1331.  As noted, Plaintiff exclusively brings claims against Defendants under state law.  (*See* Dkt. 1.)  As pleaded, these claims do not "establish[] either that federal law creates the cause[s] of action or that [Plaintiff's] right to relief necessarily depends on resolution of a substantial question of federal law."  *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983)).  The court thus lacks federal question jurisdiction over this action under 28 U.S.C. § 1331.

Because the court lacks both diversity and federal question jurisdiction over this case and no other basis for the court's subject matter jurisdiction is apparent from the face of the Complaint, the court concludes it lacks subject matter jurisdiction over this case.  The court therefore "must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003).  The court therefore **DISMISSES** this case **without prejudice as to any action filed in state court**.  *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (instructing dismissals for lack of subject matter jurisdiction should be "without prejudice to [the action] being re-filed in a court of competent jurisdiction").

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku